# IN THE COURT OF APPEALS OF IOWA

No. 17-0176
Filed May 16, 2018

**ANTHONY DONTE RICHARDSON,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell,

Judge.

An offender appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Thomas A. Hurd of Glazebrook & Hurd LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee State.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**TABOR, Judge.**

Anthony Richardson appeals the denial of his application for postconviction relief (PCR). In rejecting his claims of ineffective assistance of counsel, the district court observed that Richardson received "a very beneficial plea" as a result of his attorney's negotiations with the prosecution. On appeal, Richardson insists his attorney was ineffective in failing to secure Richardson's own phone records to see if they would corroborate an alibi defense. Richardson also contends he did not believe his attorney was ready to proceed to trial and left him no option other than accepting the plea offer. Finding no merit in Richardson's contentions, we affirm the thorough and well-reasoned ruling by the district court.

The State originally charged Anthony Richardson with first-degree robbery, first-degree burglary, and second-degree sexual abuse in connection with an armed home invasion involving two assailants. Had Richardson been convicted of those three class "B" felonies, he faced the possibility of seventy-five years in prison with a mandatory minimum term of thirty-five years. Instead, in July 2014, he accepted a plea offer amending the trial information to a single count of first-degree theft.[1] He also pleaded guilty to a separate charge of third-offense possession of marijuana. Richardson did not file a motion in arrest of judgment. In accordance with the plea agreement, the court sentenced Richardson to an

---

[1] After learning his codefendant, Tyrone Cameron, had entered a plea agreement with the State and was listed as a prosecution witness, Richardson entered an *Alford* plea—a variation of a guilty plea where the defendant does not admit participation in the acts constituting the crime but consents to the imposition of a sentence. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

indeterminate fifteen-year prison sentence with no mandatory minimum. Richardson did not file a direct appeal.

In September 2014, Richardson filed a PCR application, as a self-represented litigant, listing five grounds for relief: "(1) newly discovered evidence the victim is recanting her statement saying she knows who the actual intruder is; (2) ineffective assistance of counsel failure to investigate; (3) misidentification; (4) subjective photo lineup; [and] (5) illegal sentencing." His PCR attorney filed an amended application in May 2015. The PCR court heard testimony from Richardson in October 2016.[2] The State countered with the deposition of plea counsel Matthew Sheeley. In a twelve-page ruling, the district court denied the PCR application. Richardson filed a motion to enlarge, asking the district court to address whether "counsel's failure to procure telephone records was ineffective assistance." The court issued an order specifically denying relief on the failure-to-investigate claim, stating: "There is no indication whether the proposed records exist, and if they did, what they would show." The court denied a second round of post-trial motions. And Richardson filed a notice of appeal.

On appeal, Richardson alleges attorney Sheeley breached a duty in failing to properly investigate his alibi defense rendering his guilty plea involuntary. In particular, Richardson claims counsel should have obtained his phone records to show he was not at the scene of the crime. Richardson further complains, in a single sentence of his appellant's brief, that counsel's "other actions" left him

---

[2] Richardson also offered, as newly discovered evidence, deposition testimony from codefendant Cameron in which he denied Richardson was with him at the victim's home. The PCR court did not find Cameron's testimony to be credible. Richardson does not raise this issue on appeal.

"feeling he had no option" but to enter an *Alford* plea. Those actions included failing to interview the alleged victim and telling Richardson that he was unprepared for trial.

"[A]ll [PCR] applicants who seek relief as a consequence of ineffective assistance of counsel must establish counsel breached a duty and prejudice resulted." *Castro v. State*, 795 N.W.2d 789, 794 (Iowa 2011) (citing *State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009)). But a claim of ineffective assistance will only survive a guilty plea if counsel's pre-plea omission rendered the plea involuntary or unintelligent. *Id.* at 793. "The burden to prove the prejudice element ultimately requires a [PCR] applicant who has entered a plea of guilty to establish a reasonable probability of a different outcome (stand for trial instead of pleading guilty) if the breach had not occurred." *Id.* at 794.

Richardson did not credibly establish that had attorney Sheeley checked for "potentially exculpatory phone records," Richardson would have stood for trial instead of accepting the "very beneficial" plea deal. We agree with the district court that Richardson fails to establish a breach of a duty where it is not clear what seeking those records would have achieved. They are Richardson's own records, so presumably Richardson should be able to assert what they would show, but he does not make such an assertion. We also agree with the district court's assessment that Sheeley's strategic decision not to depose the victim did not impact Richardson's decision to enter an *Alford* plea; Richardson "fully intended to proceed to trial whether or not the victim was deposed. He only decided to consider a plea after his former codefendant entered into a plea agreement and the State added him to the witness list." Finally, the district court aptly dispensed

with Richardson's strained interpretation of Sheeley's statement that he was not prepared for trial, explaining the experienced defense attorney "was being facetious"—"simply making a point with defendant that his decision not to waive speedy trial carried some tradeoffs with the ability to fully prepare for trial."

After reviewing the criminal and PCR records and Richardson's claims, we affirm the decision of the district court by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**